IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER MONILAW, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES BENZ GROUP AG, f/k/a Daimler AG, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:24-CV-00608-TWT |

**OPINION AND ORDER**

This is a putative class action. It is before the Court on the Defendants Mercedes Benz Group AG and Mercedes Benz USA, LLC's Motion to Dismiss [Doc. 79]. For the reasons that follow, that Motion is GRANTED.

On February 12, 2026, the Court granted the Plaintiff Tameka Coverson-Davis and Eric Oblon's counsel's Motion to Withdraw, and ordered these Plaintiffs to notify the Court within 21 days of their new counsel or their intention to proceed pro se. [Doc. 76 at 1]. The Order was served on Coverson-Davis and Oblon via certified and regular mail. [Dkt Entry dated Feb. 12, 2026]. To date, neither Davis nor Oblon have filed any notice with the Court.

On April 29, 2026, the Defendants moved to dismiss Coverson-Davis and Oblon from this action for failure to comply with the Court's February 12, 2026 Order, failure to prosecute by ignoring discovery requests, and the "complete lack of contact with former counsel, defendants, or the Court since at least November 2025." [Doc. 79 at 1]. It also argues that dismissal is warranted for

Coverson-Davis and Oblon's failure to comply with Local Rule 83.1(E)(6), which requires an unrepresented party to notify the Court within 21 days of his attorney's withdrawal of the retention of new counsel or his intention to proceed pro se, as well as providing the Clerk with updated contact information. [*Id.* at 4-5]; L.R. 83.1(E)(6), N.D.Ga. The rule also provides that "[f]ailure to comply with this rule will constitute a default by the party." L.R. 83.1(E)(6), N.D.Ga. Neither Coverson-Davis nor Oblon responded to the Motion to Dismiss.

Local Rule 41.3(A) authorizes the Court to dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful order of the Court after receiving notice, or if the case has been pending for more than six months without any substantial proceedings of record. L.R. 41.3(A)(2),(3), N.D.Ga. Additionally, Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action on motion if a plaintiff fails to prosecute or fails to comply with a court order. A review of the docket shows that Coverson-Davis and Oblon have not filed any notice in compliance with the Court's February 12, 2026 Order, nor have they taken any actions in pursuit of their case since at least that time. Accordingly, the Court will GRANT the Defendants' Motion to Dismiss [Doc. 79] pursuant to L.R. 41.3(A)(2),(3), N.D.Ga. and Fed. R. Civ. P. 41(b). The Plaintiffs Tameka Coverson-Davis and Eric Oblon are DISMISSED from this action with prejudice. This action remains pending as to the remaining Plaintiffs.

SO ORDERED, this 3rd day of September, 2026.

THOMAS W. THRASH, JR.
United States District Judge